WILLIAM S. DAVIS *et al.*

*v.*

AMANDA McCULLOUCH *et al.*

*Opinion filed October 24, 1901.*

1. HOMESTEAD—*statute must be followed to transfer title to homestead estate.* The manner in which homestead estates may be transferred is within the control of the legislature, and the statute prescribing the mode of transfer must be complied with.

2. SAME—*when deeds of homestead are invalid.* Deeds in which the printed clauses releasing homestead, both in the body of the deed and the acknowledgment, are erased and the words "reserving the life use of said land" inserted, have no effect on the homestead or title to the premises, where the latter are of less than $1000 value and are occupied by the grantor as a homestead.

3. SAME—*when possession does not give effect to deed.* In order that a deed having no release of homestead may become operative, under the statute, by abandonment or surrender of possession, such possession must be abandoned or given in pursuance of the deed, and hence where the deed reserves a life estate to the grantor, who remains upon the premises, living with the grantee, the latter's possession is not such as will aid the conveyance of homestead.

APPEAL from the Circuit Court of Schuyler county; the Hon. T. W. MEHAN, Judge, presiding.

H. V. TEEL, and GLASS & BOTTENBERG, for appellants.

L. A. JARMAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellees filed their bill in this case in the circuit court of Schuyler county, against appellants and other persons who have not joined in the appeal, praying for a partition of one hundred and thirty acres of land in said county, and asking the court to set aside two deeds of conveyance and certain mortgages of said premises as clouds upon their title. Complainants claimed title to the premises in fee in themselves and the defendant Wil-

liam S. Davis as tenants in common, by inheritance from their mother, Sarena Davis, deceased, and that each was the owner in fee of an undivided one-fifth interest. The deeds sought to be set aside were made by said Sarena Davis and the mortgages were made by her grantees, and the ground alleged for setting them aside was, that the deeds were ineffectual to convey title to the homestead estate and the title therefore remained in Sarena Davis and passed by inheritance to her heirs. The facts alleged were, that Sarena Davis was the owner of the premises and occupied the same as her homestead; that they were of less value than $1000; that she made a deed of eighty acres, being the north half of the quarter section in which the premises were situated, to her son, the defendant William S. Davis, and made another deed of the remaining fifty acres to her daughter Martha M. Davis, who was afterward married to the defendant Patrick H. Curran, in each case reserving a life estate in the land; that the deeds did not contain a clause releasing or waiving the right of homestead and the certificate of acknowledgment contained no such clause, and possession was not abandoned or given pursuant to said deeds; that said Martha M. Curran died in the lifetime of her mother, intestate, leaving said Patrick H. Curran, her husband, and an infant child as her heir; that the infant child died soon after, in the lifetime of Sarena Davis; that Sarena Davis died intestate April 20, 1899; that William S. Davis and wife executed three mortgage deeds of the eighty-acre tract to John S. Bagby, and William S. Davis had conveyed said tract to his wife, the defendant Adeline Davis; that Patrick H. Curran had mortgaged a part of the premises to T. E. Bottenberg, and that Sarena Davis and Patrick H. Curran had mortgaged a part of them to John Beatty. It was claimed that the mortgages made by William S. Davis were not liens upon the premises except upon his one-fifth interest, and that the mortgage to Bottenberg was not a lien. Complainants prayed that

in case of foreclosure Beatty should be required to first sell a certain portion of the premises, and that the deeds and the other mortgages should be removed as clouds upon their title.

William S. Davis, Adeline Davis and John S. Bagby answered, admitting that Sarena Davis acquired title to the premises, but alleged that a large part of the purchase money was furnished by said William S. Davis; they denied that the premises were the homestead of Sarena Davis, and alleged that the deed to William S. Davis was valid; that possession was surrendered to him in pursuance of the deed, and he went into possession and has ever since remained in possession; that he fenced the land and made valuable and lasting improvements thereon, increasing its value, and that the first mortgage to Beatty was given in lieu of a mortgage made by Sarena Davis to Sarah Slack, and was used to pay the Slack loan.    Patrick H. Curran and T. E. Bottenberg also answered, admitting that Sarena Davis acquired title to the land but denying that it was her homestead.    They claimed that the deed to Martha M. Davis was valid, and alleged that Sarena Davis surrendered possession to Martha M. Davis in pursuance of the deed; that she and the defendant Patrick H. Curran, to whom she was afterward married, had held possession since that time; that they had put valuable and lasting improvements on the land, increasing its value; that said Martha M. Curran left a son, Edward Curran, who afterward died, and the title passed by inheritance to the defendant Patrick H. Curran, and that said Martha and her husband, Patrick H. Curran, had taken care of Sarena Davis in her old age and until the time of her death.

The cause was heard by the court upon evidence taken before the master in chancery.    The court set aside and removed as clouds upon the title of the heirs of Sarena Davis the said deeds from her to Martha M. Davis, (afterward Martha M. Curran,) and to William S. Davis, and

the deed from William S. Davis to his wife. The mortgage to Bottenberg was also set aside and the mortgages to Bagby were declared not liens as against the interests of complainants, except for such amount as he may have furnished to pay off the Slack mortgage made by Sarena Davis, to be determined in a final decree of sale or future order of the court. Commissioners were appointed to make partition of the premises. The appellants assign errors upon the decree, and the appellees have assigned a cross-error.

The premises involved in the suit were owned by Sarena Davis, were of less value than $1000, and were occupied by her as her homestead when she made the deeds to her son William and her daughter Martha. By the provisions of the statute they were exempt from the laws of conveyance except as therein provided. The title could not be transferred otherwise than in accordance with the provisions of the statute for the conveyance of homestead estates. These provisions were not complied with, but lines were drawn through the printed clause releasing and waiving homestead both in the deeds and acknowledgments, and in the body of each deed, following the description of the land, was inserted the following: "Reserving the life use of said land." The deeds were therefore invalid, and had no effect on the homestead estate or the title to the premises. *Eldridge* v. *Pierce,* 90 Ill. 474; *Barrows* v. *Barrows,* 138 id. 649; *Gray* v. *Schofield,* 175 id. 36.

There is a provision of the statute under which a conveyance without a release or waiver of the estate may become operative if possession is abandoned or given pursuant to such conveyance, and it is argued that in this case such possession was given. William S. Davis took possession of the eighty-acre tract conveyed to him and remained in possession thereafter. There was evidence that his mother, Sarena Davis, called upon him for rent and that he promised payment, but whether he paid any

rent does not appear. He conveyed the tract to his wife, Adeline Davis, and she is in possession. When the deeds were made, Sarena Davis, with her two daughters, occupied the dwelling house on the fifty acres, and she continued to live in said house up to her death. The daughter Martha lived with her and after her marriage to Curran they all lived together, Curran assuming the position of head of the family. During all the time after the deeds were made until the death of Sarena Davis she owned the life estate in the whole of the premises. The deeds granted only estates in the future. If William or his grantee or Martha or her heirs had any possession it was not by virtue of any deed, for by the terms of the deeds no possessory title was conveyed until after the expiration of the life estate. There was no title or right to possession during the life estate, pursuant to the terms of the deeds. The possession which will operate, in connection with a deed, to convey title, must be abandoned or given in pursuance of the deed, and a simple abandonment or giving possession of premises not pursuant to a conveyance does not transfer title. (*Gray v. Schofield, supra.*) The possession which it is claimed the grantees had, is expressly reserved by the terms of the deeds to Sarena Davis. The deeds do not convey any title, and title did not pass by abandonment or giving possession under them. They were therefore nullities, and the legal title passed to the heirs-at-law of Sarena Davis.

It is further claimed that there were resulting trusts in favor of William S. Davis and Martha M. Davis in the premises to the extent to which they furnished the purchase money, and that the deeds are valid as declarations of such resulting trusts. This claim cannot be sustained. The deeds were not declarations of any trust corresponding with the alleged trusts. The claim is, that William S. Davis and Martha M. Davis put their shares of a former home place into the quarter section in which these premises are located. They and the complainants J. M.

Davis, Rebecca J. Teel and Amanda McCullouch owned forty acres of land as heirs of their father, subject to the dower of their mother, Sarena Davis. That forty was sold, and the claim is that William and Martha furnished that part of the purchase money of the place now in controversy represented by their shares of the proceeds. The deeds are grants of future estates covering the whole premises, and cannot be said to be declarations of the alleged trusts. So far as any resulting trust is concerned, the court could not give any relief for want of any averment in the pleadings and because no such relief was asked for.

It is next claimed that an affidavit made by Sarena Davis works as an estoppel against her heirs as to the fifty acres. The affidavit was made by her and Curran, and stated that she conveyed the fifty acres to Martha M. Davis, her daughter and wife of Patrick Curran; that said Martha M. Curran died intestate, leaving her husband and a child, and that the child died. This defense is not set up in the pleadings in any way, and if it were, there is no ground for an estoppel, because the affidavit was not made for the purpose of inducing Curran to do anything, and he did nothing and did not change his position in any way in reliance upon it. The daughter Martha, and her husband, Patrick H. Curran, performed services for Sarena Davis and took care of her, but they did not acquire title to the premises by that means. The court could not give any relief to William S. Davis or his wife or to Curran in this case under the pleadings and the evidence. The manner in which homestead estates may be transferred is within the control of the legislature, and the provisions of the statute must be complied with in order to transfer such an estate.

The cross-error assigned relates to the provision of the decree protecting the mortgagee, John S. Bagby, to the amount that he may have furnished to pay off the Slack mortgage. It is said that there is no evidence

in support of the allegation that the first mortgage was given to pay off the Slack mortgage. That is true; but there is no finding in the decree on that subject, and it merely saves the right of the mortgagee and leaves the question open to be finally determined in the decree of sale or distribution or by final order. The provision of the decree in that respect is not final, and error cannot be assigned upon it.

We find no error in the record, and the decree is affirmed.

*Decree affirmed.*